WILBUR JOHNSON v. THE STATE.

No. 1972. Decided June 14, 1899.

Motion for Rehearing Decided December 18, 1899.

**1. Continuance—Absence of Leading Counsel.**

An application for continuance on account of the absence of leading counsel for defendant, who was sick, is properly overruled where it appears that defendant has other able attorneys to represent him, one of whom had previously been of counsel for him both on his examining and habeas corpus trials.

**2. Conduct of Counsel in Conducting a Cross-Examination.**

On the cross-examination of a witness, counsel has no right to contradict him about what he had testified to previously, unless he desires to do so as a sworn witness.

**3. Robbery—Charge of Court as to a Gift.**

On a trial for robbery, where the defense was that defendant acquired the property, alleged to have been taken, by purchase, a charge of court instructing the jury to acquit if defendant acquired the property by purchase or gift was not prejudicial to defendant, even conceding there was no evidence of a gift.

ON MOTION FOR REHEARING.

**4. Escape Pending Appeal.**

Where, pending his appeal, the facts shown on the motion to dismiss the appeal on account of appellant's escape, were that after breaking jail he succeeded in getting some eighty yards away when he was discovered by the jailer, who started in pursuit; the prisoner was out of his sight some three or four minutes during the pursuit, but was captured by the jailer at a point some 400 or 500 yards from the jail. Held, the escape was not so complete as to warrant a dismissal of the appeal under provisions of articles 880, 881, Code of Criminal Procedure. BROOKS, Judge, dissenting.

APPEAL from the District Court of Fannin. Tried blow before Hon. E. D. McCLELLAN.

Appeal from a conviction for robbery; penalty, five years imprisonment in the penitentiary.

This is a companion case to Ford v. State, ante, page 1, and the facts are stated in that case.

*John C. Meade* and *James H. Lyday*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of five years, and he appeals.

Appellant made a motion to continue the case because J. C. Meade, Esq., whom he claimed was his leading attorney, was sick and could not attend the court. The court explains this bill by showing that appellant had the services of another able attorney, to wit, James H. Lyday, Esq., who had represented him at the examining trial and the trial for bail on habeas corpus, and who was then present and acting as his counsel, and that he also had the services of another attorney, to wit, T. P. Steger, Esq., employed by him in the case. We fail to see any resultant injury to appellant from the overruling of his motion to continue or postpone the case.

Appellant by his second bill excepted to the action of the court in sustaining the protest of the district attorney as to the method of defendant cross-examining the prosecuting witness, Jos. Seagall. It occurs to us, there was no error in this action of the district attorney. The conduct of defendant's counsel in this respect was improper. He had no right to contradict the witness about what he had testified to previously, unless he desired to do so as a sworn witness.

The court instructed the jury on behalf of appellant that, if they believed appellant got the property—alleged to have been procured in the robbery from Jos. Seagall—by purchase or gift, to acquit him. Appellant objected to this charge of the court on the ground, as he claimed, that there was no evidence that appellant got said property by gift,—that appellant claimed to have purchased the same. If this be true, still we fail to see how the charge of the court in reference to the procurement of the property by gift could have prejudiced appellant. But it occurs to us that there is some testimony in the record suggesting a gift of some of the alleged property. Some objections are made to other portions of the court's charge, but we have examined the same carefully, and find no error therein. The testimony, in our opinion, supports the verdict of the jury, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HENDERSON, Judge.—This case was before us at the last Austin term, 1899, and was affirmed. A motion for rehearing was filed, and the case is now pending on said motion. The Assistant Attorney-General has filed a motion to dismiss the appeal on the ground of an alleged escape of the prisoner, and in conjunction with said motion, has filed the affidavit of the deputy sheriff of Fannin County. Appellant resists the dismissal of said case, and accompanies his answer with the affidavit of one J. W. McKee, the jailer. It appears from these affidavits that appellant was confined in the jail of Fannin County, at Bonham; that about 10:30 o'clock on the 13th day of August, 1899, the prisoner, with others confined in said jail, were bathing in a portion of said jail set apart for that purpose; that, while they were so bathing, appellant, with four others, pried open a window and got out of said

jail. Appellant ran from the jail in a southeasterly direction. The jailer first discovered that he was at large when he was about eighty yards from the jail. He then started in pursuit. The prisoner was out of his sight three or four minutes. In the pursuit, however, the jailer came again in view of the prisoner, and pursued him until he captured him at a point about 400 or 500 yards from the jail.

On this statement, appellant insists that there was no escape, so as to divest the jurisdiction of this court, under articles 880, 881, Code of Criminal Procedure; and we are cited to the case of Lloyd v. State, 19 Texas Criminal Appeals, 137, and it is insisted that that case is similar to the case at bar as to the facts constituting the escape. We have examined the case carefully, and the essential features of the two cases are much alike, except in the Lloyd case the prisoner was never out of sight of the officer, who pursued him immediately on his escape from the jail. Here he was out of sight when he first got out, and ran eighty yards, and then afterwards for two or three minutes. In the case cited, the court held that, in order to devest jurisdiction on an appeal, there must be a completed escape; that the facts did not show such a completed escape, but merely that the prisoner was attempting to escape, and was recaptured before he had consummated his purpose. In Owens v. State, 32 Texas Criminal Reports, 373, subsequently decided by the same judge who wrote the opinion in the former case, the facts were very similar to the former case. In the latter, hot pursuit of the prisoner was made as soon as he got out of jail, and he was recaptured within thirty minutes after his escape, but while he was being pursued he got out of view of the officers, and hid himself in a corn patch in the suburbs of the town. In the Owens case a distinction is drawn between the two cases, evidently based on the fact that appellant had so far succeeded in his escape as to have gotten out of view of the officers, and to have hid himself. Whatever our views may have been originally with reference to what it takes to constitute an escape, we will waive that question and concede that this case comes within the rule laid down in Loyd v. State, supra. The motion to dismiss the appeal is accordingly overruled.

The questions presented in the motion for rehearing are the same, in effect, as those which were before us in the former opinion, and we see no reason to change the views therein expressed. We would remark, however, that in treating appellant's second bill of exceptions, there was no disposition to reflect on the conduct of appellant's attorney. We merely stated so much in relation thereto as in our opinion authorized the action of the district attorney in regard to a discussion of the question presented in the bill. It was a part of the record, and, it occurs to us, authorized the action of the district attorney. That portion of the appellant's argument in relation to the authority of this court to review matters of error in the charge which are fundamental, though not excepted to at the time or in the motion for new trial, does not occur in this case, as we do not regard the matter complained of as

fundamental. There was no danger of appellant's conviction for the theft of the chicken on this trial for robbery; nor did the fact that the court charged on a gift of the goods as a defensive matter materially injure the rights of appellant, even if it be conceded that the testimony did not raise that defense. The court charged fully on a purchase of the goods, and his further charge, in relation to a gift thereof, was not calculated, under the circumstances of this case, to impair appellant's rights, or to militate against his defense of purchase. However, in our opinion, there was testimony raising the question of gift. Appellant was on the stand, and stated he had at a previous term testified as did the witness Walter Thompson. The testimony of Thompson (which, by adoption, was appellant's testimony) was introduced in evidence, evidently as impeaching testimony, but it was also a statement or declaration of appellant, which could be used as original testimony. That evidence showed a gift, and the charge of the court on gift had a predicate in that testimony. The appellant's counsel present a very able argument on the subject of the right of this court to revise errors in the charge not excepted to, but, in the view we have taken, the question is not raised. Accordingly, we hold it is not necessary to discuss the question. The motion for rehearing is overruled.

*Motion overruled.*

DAVIDSON, Presiding Judge, absent.

BROOKS, JUDGE (Dissenting).—The weight of authority is in favor of the proposition that appellant had escaped; hence I do not concur in the conclusion that he had not escaped, but agree to the disposition of the case.