## G. P. GERARD v. THE STATE.

### No. 6446.    Decided January 4, 1922.

### Rehearing Denied March 29, 1922.

#### 1.—Robbery—Punishment—Statutes Construed—Verdict.

Where, upon trial of robbery, the indictment alleged that the defendant had been theretofore convicted for a, like offense, and the jury found him guilty of the instant robbery, and also found that he had theretofore been found guilty of a former robbery, and not being instructed to fix the punishment did not fix the same, and the court entered thereon the judgment fixing the punishment at confinement in the penitentiary for life, under article 1619, P. C., there was no reversible error, the punishment being absolutely fixed by law. Following Murray v. State, 1 Texas Crim. App., 430, and other cases.

#### 2.—Same—Insanity—Requested Charge—Practice on Appeal.

Where, upon trial of robbery, the record contained on appeal what purports to be a bill of exceptions to the refusal of the court to submit the issue of insanity, but it appeared from the record also that no exceptions were taken at the time in writing, to the court's failure to charge on the issue of insanity, and no special charge was requested, this court cannot review the matter.

#### 3.—Same—Insanity—Remedy.

If there. really be a question as to insanity, appellant is not without remedy under the statute.

#### 4.—Same—Rehearing—Insanity—Charge of Court—Practice on Appeal.

Where appellant contended in his motion for rehearing that it was incumbent upon the trial court to embrace the issue of insanity in his charge to the jury, although there was no request that he do so, and there was no exception to the charge because of his failure to do so, and counsel referred to former precedent: *Held,* that the decisions of this court must necessarily be read in the light of the statutes in force at the time of the trial to which the decision relates, and under the present statutes this court has no right to review a supposed error in the trial court in omitting to submit to the jury the issue of insanity when no complaint was made of the failure to do so at the time of the trial, and the motion for rehearing must be overruled

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of robbery; penalty, imprisonment in the penitentiary for life.

The opinion states the case. .

*Geo. W. Dixon,* for appellant.—Cited cases in opinion. ·

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for robbery. Penalty imprisonment for life.

Appellant was indicted for robbery by assault of J. E. Lyon on February 5, 1921. It was also properly alleged and proven that he had theretofore in November, 1915, been convicted for a like offense, to-wit: the robbery by assault of Henry Burrisk. Under proper instructions the jury found him guilty of the Lyon's robbery, and also

·found that he had theretofore been found guilty of the Burrisk robbery. The jury fixed no punishment, and were not instructed as to any. Upon the verdict being returned the court entered judgment, fixing the punishment at confinement in the penitentiary for life. Article 1327, P. C., fixes the punishment for robbery by assault (not with a firearm) at confinement in the penitentiary for life, or for a term of years not less than five. Article 1619, P. C., provides: "If it be shown, on the trial of a felony less than capital, that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases." Article 770, C. C. P., is with reference to verdicts, and the province of the jury; the last sentence in the article being: "They (the jury) shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty." When under the law the punishment for murder in the first degree was death absolutely, a verdict finding accused guilty of that offense was sufficient, and the court fixed the penalty in the judgment. Murray v. State, 1 Texas Crim. App. 430; Boothe v. State, 4 Texas Ct. App. 212; O'Connor v. State, 37 Texas Crim. Rep. 267. Upon the findings in the instant case the punishment was "absolutely fixed by law." No discretion was left the jury in the matter. The verdict was sufficient and the judgment properly entered thereon.

We find in the record what purports to be a bill of exceptions to the refusal of the court to submit the issue of insanity. The trial judge refused the bill with the following notation: "There being no evidence to raise the issue of insanity in this case this bill is refused." The case was tried on March 29th, 1921. The bill was not filed until April 15th, 1921, and is not sufficient to present an exception taken at the time of the trial. No objections or exceptions in writing were taken to the charge for failure to submit the issue of insanity as required by Article 735 C. C. P. before the charge was read to the jury, and no special charge was requested on the subject. This being the condition of the record we are without authority to review the question sought to be raised.

If there really be a question as to accused's sanity he is not without remedy. See Art. 39 P. C., and Arts. 1017-1030 C. C. P.

No errors appearing from the record of which we can take cognizance, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

March 29, 1922.

MORROW, PRESIDING JUDGE.—Appellant insists that the circumstances raised the issue of insanity of the accused at the time the offense was committed, and that it was incumbent upon the court to embrace this issue in his charge to the jury, although there was no

request that he do so and there were no exceptions to the charge because of his failure to do so. Supporting this contention, appellant cites Hierhalzer v. State, 47 Texas Crim. Rep. 206, and other cases.

In the case of Hierhalzer v. State, supra, the evidence raised the issue of temporary insanity. There was no request for its submission to the jury at the time of the trial, nor were there any bills of exceptions reserved to the failure of the court to do so. This failure, however, was complained of in the motion for new trial. The case was decided in the year 1904. At that time an omission in the court's charge of a material character was available upon appeal although excepted to for the first time in the motion for new trial. This was due to the Act of March 12, 1897, amending the old code, and embraced in White's Code of Crim. Proc., Art. 723, p. 549. See Pena v. State, 38 Texas Crim. Rep. 333; also Manning v. State, 46 Texas Crim. Rep. 332; Keye v. State, 53 Texas Crim. Rep. 3211, and other cases in Rose's Notes on Texas Reports, Vol. 5, p. 1191. Other articles pertaining to the necessity for and requisites of a charge to the jury are Articles 715 to 722, as set out in White's Code of Crim. Proc., supra.

Article 715 as therein contained corresponds with the present Article 735; the present Article 737 corresponds with the old Article 717; and the present Article 743 corresponds with the old Article 723. These articles were amended by the Act of 1913, Chap. 138, p. 278. See also articles in Vernon's Texas Crim. Statutes, Vol. 2, p. 525.

The decisions of this court which bear upon the charge of the court, to be understood, must necessarily be read in the light of the statutes in force at the time of the trial to which the decision relates. For example: At one time it was imperative that the charge "distinctly set forth the law applicable to the case," and when it failed to do so, and an exception was made at the time the charge was read to the jury, a reversal was required as a matter of course. Marshall v. State, 40 Texas Rep. 200. If, however, the exception to it was not then made, but was embraced in the motion for new trial, it was still available upon appeal. In such case, however, the materiality of the error was a matter for consideration, and a reversal did not follow as a matter of course. Bishop v. State, 43 Texas Crim. Rep. 390; and other cases illustrating both of these rules are found in White's Code of Crim. Proc., p. 550, sec. 845. The effect of Article 723 was to abrogate the rule requiring a reversal without reference to the effect of the omission in the charge and to require an inquiry as to whether it was calculated to injure the rights of the accused. Under the amendment of 1913, to which we have adverted, it is too late to complain of an omission in the charge upon motion for new trial or on appeal. That statute requires the court, before he reads his charge to the jury, to submit it to the counsel for the accused and give sufficient time for its examination and makes it imperative that the accused, after his ex-

amination and before the charge is read to the jury to present to the court his objections thereto to the end that it may be corrected if so desired. See Vernon's Tex. Crim. Stat. Vol. 2, p. 525, and cases there cited.

Under the present statute this court has no right to review a supposed error in the trial court in omitting to submit to the jury the issue of insanity when no complaint was made of the failure to do so at the time of the trial. It follows therefore that if there was an issue of insanity raised by the evidence in the instant case, failure of the court to charge the jury upon the subject not having been complained of before the charge was read to the jury, it cannot be considered by this court upon appeal.

The motion for rehearing is therefore overruled.

*Overruled.*