R. W. Campbell v. The State.

No. 6814. Decided April 26, 1922.

Rehearing Denied May 31, 1922.

**1.—Theft—Sufficiency of the Evidence—Liberty Bond.**

Where, upon trial of theft of a liberty bond, over the value of $50, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Value—Coupons—Felony—Liberty Bond.**

The liberty bond in question, without the coupons attached, was of a value less than $50, but with the coupons attached, and which were part of the bond, was worth more than $50, and the proof of a felony was, therefore, established.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of theft.—Over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Freeman,* and *J. B. Kelly,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The stolen property was a liberty bond. Murphy, the alleged owner, had in his safe three liberty bonds. Some one entered his safe and removed them. One of them was a $50 bond with coupons attached, and there was a smudge of green ink on the outer edge of the bond. The bond was missed about the first day of August, but had not been seen for several days prior to that time. Soon afterwards Murphy identified the bond among a great number which were in possession of the Dallas National Bank.

Carnes, an exployee of the bank, was present when Murphy identified the bond and accounted for its presence there with the statement

that a man from Dryfuss & Sons, accompanied by another fellow, came to the bank and inquired the price of the bond, and that about forty minutes later, the same fellow came in the bank with another salesman from Dreyfuss & Sons, and Carnes bought and paid him the cash for the bond. Carnes said:

"I paid the money to the gentleman that came in with the salesman from Dreyfuss & Sons. I could not say that this person was the defendant. I remember Mr. Akerman of Dreyfuss & Sons bringing some man in with the bond."

Cooper, an employee of Dreyfuss & Sons, testified that the appellant came to the store and "offered liberty bonds in exchange for the goods he desired to purchase. I don't remember the denomination of the bond. I didn't go with him to the bank."

Ackerman, another employee of Dreyfuss & Sons testified that the appellant came into the store and asked whether he would take a $50 liberty bond for merchandise; that he told him it would be taken at its market value. The witness said:

"I took him to the bank next door, where I got a price on the bond; it was a little over fifty dollars, with the coupons, * * *. I did not go back with him, but walked back to the store and had the underwear man wait on him."

This testimony, as we comprehend it, shows that the appellant offered to sell Dreyfuss & Sons a liberty bond which he exhibited; that in company with one of the employees of said firm he did sell to the bank the particular liberty bond which was afterwards identified by Murphy as the one which had been stolen from him. This, as we gather from the evidence, occurred very soon after the bond was stolen and apparently brings the case within the rule which permits the conclusion of guilt to be drawn by the jury from the possession by the accused of property recently stolen. The record furnishes no explanation of his possession of the stolen bond, and therefore, in our opinion, is sufficient to support the finding of the jury that appellant was the thief.

The bond, without the coupons attached, was of a value less than fifty dollars, but with the coupons attached to it, was worth more than fifty dollars. The coupons were but evidence of the fact that the interest which the Government was obligated, on the face of the bond to pay, had not been paid. The interest was a part of the bond. The evidence was sufficient to characterize the offense as a felony.

The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

May 31, 1922.

MORROW, PRESIDING JUDGE.—In his motion appellant criticises the court's charge. Unless the fault in the charge is fundamental,

it is too late to assail it after verdict. Such has been the law since the enactment of Chapter 138, page 278, Laws of 1913, embraced in Articles 735 and 737, Code of Crim. Proc. See also Gerard v. State, 238 S. W. Rep. 924.

It may be stated, however, that we have examined the charge in the light of appellant's motion for rehearing, and express the opinion that it adequately presented the issues arising from the evidence and fully protected the rights of the appellant.

The motion for rehearing is overruled.

*Overruled.*