## Conrad Simpkins v. The State.

### No. 7813.  Decided May 30, 1923.

**Murder—Declaration by Defendant—Res Gestae.**

> Where, upon trial of murder, the defense offered in evidence a statement made by the defendant to the justice of the peace, shortly after the homicide, while he was still suffering from the wound which he claimed was inflicted upon his head by deceased just before the shots were fired, the same was *res gestae* and should have been admitted in evidence, and the refusal to do so was reversible error. Following Craig v. State, 30 Texas Crim. App., 621, and other cases.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Chas. C. Crenshaw,* for appellant.—On question of res gestae,

Kinney v. State, 144 S. W. Rep., 257; Long v. State, 88 id., 203; Redman v. State, 149 id., 670.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Hill county of the offense of murder, and his punishment fixed at five years in the penitentiary.

There are a number of questions raised by the record, all of which have been considered by us but none of which in our opinion present any error except the refusal of the learned trial judge to permit the defense to prove a statement made by appellant to the justice of the peace shortly after the homicide.

The killing took place in front of a building which was in course of construction in the town of Hubbard City, Texas. Deceased was a workman apparently upon said building. Appellant had been going with the daughter of deceased very much against the latter's wishes, and the record reflects various occasions in which apparently threats had been made by both men. Some time before the day of the homicide deceased had held a gun upon appellant and made him promise to stay away from his daughter. The girl was fifteen or sixteen years of age. Many threats were in testimony as having been made by appellant against deceased.

The fact that appellant shot deceased three times with a pistol and thereby killed him is in no way controverted. The defensive theory was that just before appellant drew his pistol and shot, deceased struck him on the head with a hammer causing him pain and bloodshed. A number of witnesses testified for the appellant that after the shooting they saw blood running down the head and neck of appellant and a doctor testified that he found a contused wound upon the side of appellant's head such as might have been made by the blow of a hammer. There seems no question from the testimony of the State but that deceased had a carpenter's hammer in his hand just before the shooting took place. The State witnesses deny any use of a hammer by deceased or that he struck or struck at appellant with same before the shooting. The decision upon the question as to whether the deceased in fact struck appellant with the hammer would seem to govern largely the conclusion as to whether the homicide was murder or manslaughter and might affect the question of self-defense.

Appellant's bill of exceptions no 4 reflects the fact that while the State witness Long was upon the stand and was being cross-examined by appellant's counsel, he was asked if he overheard the justice of the peace at Hubbard City ask the defendant how he came to shoot the deceased, and if he heard the defendant reply ''He struck me with a hammer,'' and that this took place about twenty or twenty-five minutes after the killing. The jury were retired and the witness

was interrogated as to how long this was after the shooting, and witness detailed his movements from the time of the shooting until they reached the office of the justice of the peace. After hearing the evidence in detail the court sustained the State's objection on the ground that said declaration was not res gestae. It is made to appear that at the time appellant was in the office of the justice of the peace the wound on his head was still bleeding and that he appeared to be excited. The officer would have testified that this was about twenty or twenty-five minutes after the homicide. This would appear to be the first time appellant was called upon to make any explanation of his reason for shooting deceased. He was still suffering from the wound which he claimed was inflicted upon his head by deceased just before the shots were fired. He was excited. The time, while not a controlling element in determining res gestae, was sufficiently near that of the homicide to make it reasonably appear that appellant was in such condition from the excitement of the killing and from the suffering of his wound as to preclude the idea of fabrication. Many cases might be cited in which we have held admissible as res gestae statements and occurrences much more remote in point of time. Many of these will be found collated in Mr. Branch's Annotated P. C., Sec. 83. The fact that the declaration of appellant was made in answer to a question of the justice of the peace would not prevent it being res gestae. The rule seems to be that if the acts and declarations appear to spring out of the transaction and elucidate it and are voluntary and spontaneous and are made at a time so near the main fact as to reasonably preclude the idea of deliberate design, they are to be regarded as contemporaneous and are admissible. Craig v. State, 30 Texas Crim. App. 621; Castillo v. State, 31 Texas Crim. Rep. 152; Griffin v. State, 40 Texas Crim. Rep. 314; Ward v. State, 70 Texas Crim. Rep., 393, 159 S. W. Rep. 276.

We are unable to appraise the weight which the jury would have given to this declaration made under these circumstances and so soon after the difficulty. If the jury had in fact concluded that appellant was struck on the head by a hammer in the hands of deceased prior to the shooting, it might have seriously affected their verdict. We can not tell. We will not speculate as to the injury to appellant.

For the error of the court in refusing to admit the testimony above mentioned, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*