### TINDALL v. STATE. (No. 12693.)

Court of Criminal Appeals of Texas. June 19, 1929.

State's Rehearing Withdrawn Oct. 23, 1929.

See, also, 15 S.W.(2d) 24.

H. L. Edwards, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is murder; the punishment, confinement in the penitentiary for 45 years.

Appellant and deceased, John Noel Ainsworth, had engaged in a fight in which deceased whipped appellant. Later, as Ainsworth was driving a truck down the road, appellant entered the truck and shot and killed deceased. Appellant testified that deceased was trying to cut him with a knife at the time he shot deceased. The court submitted the issue of self-defense.

Appellant offered to prove by his wife that within ten minutes after the homicide he (appellant) stated to his wife that he tried to make friends with deceased and that deceased would not let him; that deceased tried to put his arm around appellant's neck and cut him with a knife; that he did not want to kill deceased, but had to do it; and that he was going to town and tell the sheriff what he had done. It is certified in the bill that appellant went immediately from the scene of the homicide to the house where his wife was, and that he did not talk to any other person on the way to said house. It is further certified that this conversation took place within ten minutes after the homicide. Upon objection by the state that the proffered testimony would be self-serving it was rejected. In this we think the learned trial judge fell into error. The rule is that if the facts and declarations appear to spring out of the transaction and elucidate it, and are voluntary and spontaneous, and are made at a time so near the main fact as to reasonably preclude the idea of deliberate design, they are to be regarded as contèmporaneous and are admissible as res gestæ. Simpkins v. State, 94 Tex. Cr. R. 456, 251 S. W. 1084; Ward v. State, 70 Tex. Cr. R. 393, 159 S. W. 276; Griffin v. State, 40 Tex. Cr. R. 312, 50 S. W. 366, 76 Am. St. Rep. 718; Castillo v. State, 31 Tex. Cr. R. 145, 19 S. W. 892, 37 Am. St. Rep. 794; Craig v. State, 30 Tex. App. 619, 18 S. W. 297; Johnson v. State, 110 Tex. Cr. R. 250, 8 S.W.(2d) 127. We think the statement in question was clearly within the rule of res gestæ.

Appellant has a bill of exception complaining of the action of the trial court in refusing to require that he be served with a certified copy of the indictment. Without entering into a discussion of the question, it is observed that this requirement should have been complied with.

For the error discussed, the judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J. The issuance of mandate on our judgment of reversal rendered on the 19th day of June, 1929, was suspended by a motion for rehearing filed by the state. The representatives of the state now request the court to dismiss its said motion, which request is granted, and the clerk is directed to issue mandate in accordance with the judgment of reversal heretofore rendered.