WALTER CURTIS ALIAS BUD CURTIS v. THE STATE.

No. 14342. Delivered May 27, 1931.

The opinion states the case.

*Francis M. Chaney* and *Hubert A. McCarley,* both of Dallas, for appellant.

*William McCraw,* Criminal District Attorney, and *Andrew J. Priest,* Assistant District Attorney, both of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

Tony Todora, husband of deceased, Irene Todora, was the only witness used by the state to identify appellant. Other witnesses present on the occasion of the homicide were unable to identify appellant as the slayer of deceased. Appellant is a small, yellow negro.

Appellant's second application for a continuance was based on the absence of the witness Emma Robertson. The witness had been duly served with process, but was too ill to appear and testify. It was averred in the application that the testimony the witness would give could not be procured from any other source known to appellant. According to the averments in the application, which were supported by the affidavit of the witness, within a few minutes after deceased was killed Tony Todora, who had been struck by the same bullet that killed deceased, said that the man who did the shooting was a "big, tall, heavy-set black negro, that he was coal black." It appears from the application and affidavit that Todora was crying and shouting in great excitement when he made the statement, and that it was immediately after the shooting that he uttered the words attributed to him by the witness. That the witness would testify on another trial that Todora made the statement under the conditions to which reference has been made was affirmed in her affidavit, which was attached to the motion for new trial.

The statement attributed to Todora by the absent witness was res gestae. Todora was a party to the transaction, having been wounded by the shot that killed deceased. He made the statement attributed to him within a few minutes after the fatal shot had been fired and while he was laboring under great excitement. His declaration was part of the transaction itself, and admissible as original evidence under the rule of res gestae. Branch's Annotated Texas Penal Code, sec. 83; Simpkins v. State, 94 Texas Crim. Rep., 456, 251 S. W., 1084. While the testimony of the absent witness would have had the effect of impeaching Todora, it was admissible as original evidence. Hence the rule that a continuance to secure testimony which would only be available to impeach a witness will be denied is without application. Branch's Annotated Texas Penal Code, sec. 324; Early v. State, 51 Texas Crim. Rep., 382, 103 S. W., 868.

The identity of deceased's slayer was the question for solution by the jury. The finding by the jury that appellant fired the fatal shot was

based alone on the testimony of Todora. It is obvious that the res gestae statement, if he made it, in which the witness declared that his wife's slayer was a large, black negro constituted material testimony. It was contradictory of the state's testimony, and, if believed, would have destroyed the state's case, as appellant is a small, yellow negro. The opinion is expressed that the motion for new trial should have been granted.

In the closing argument to the jury, private prosecutor used language as follows: "This defendant has been up in jail since last April bleaching out and he is a lot whiter now than he was when arrested."

This argument had no support in the evidence, and should not have been made. The court sustained appellant's objection and instructed the jury not to consider the remarks for any purpose. In view of the fact that the judgment must be reversed because of the refusal of the court to grant a continuance, we pretermit further discussion of the bill of exception.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.