## W. W. WACHXMANN V. THE STATE.

No. 15781.   Delivered April 5, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 216.

The opinion states the case.

*H. S. Beard*, of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing equipment for the manufacture of intoxicating liquor; punishment, two years in the penitentiary.

Officers found appellant and his brother at a three hundred gallon still, near which was found a quantity of whisky, fruit jars, sacks of sugar, sacks of corn chops, ten 50-gallon barrels of mash, eleven empty 50-gallon barrels, etc. Appellant was working with a water pump, which was a part of the parapher-

nalia, at the time the officers came up. According to the officers appellant told them that the still belonged to himself and his brother.

There are three bills of exception. The first presents objection to the testimony of Kelly Rush, a state witness. We quote the testimony objected to: "We arrested the defendant, W. W. Wachxmann. I talked with him a little at the time. When we arrested him I put the handcuffs on him and Frank, and when we went to tear the still down the defendant said if we would take the handcuffs off they would tear it down. He said he put it up and knew how to tear it down and said he could tear it down a lot quicker than we could. I asked the defendant if the still belonged to Bill Uptmore and he said no, that him and Bill had had a falling out. I asked him if it belonged to Al Graham and he said 'No, it belongs to us.' " The objection was that appellant was under arrest, was unwarned, and the statement had not been reduced to writing and signed as required by law. The learned trial judge qualifies the bill by saying that the testimony was admitted as part of the res gestae.

Bill of exception No. 2 was taken to the admission of the testimony of the state witness Wiggington. The testimony objected to in this bill was as follows: "I was present at the time of the arrest of the defendant, W. W. Wachxmann and his brother, Frank Wachxmann. I heard the defendant make the statement that the still belonged to them. He said 'It is ours.' " The same objection was made to this testimony as appears to have been made to that set out in bill of exception No. 1.

Bill of exception No. 3 complains of the testimony of state witness Freeland. The testimony objected to is as follows: "After we arrested the defendant we looked around and looked at the things and saw that we had a big job taking it down and taking it apart, and I started to go to Aquilla to phone for a truck and just before I left the defendant said 'If you will take these handcuffs off of us we will take the still down,' he said 'We put it up and we know how to do it.' "

The same objection as above was made to this testimony, and the same qualification appears on all of the bills. This court has often said that if statements made or acts done are part of the res gestae, that the rule requiring such statements to be in writing, signed, etc., has no application. Bell v. State, 92 Texas Crim. Rep., 342; Simpkins v. State, 94 Texas Crim. Rep., 456; Johnson v. State, 95 Texas Crim. Rep., 269; Hickey v. State, 99 Texas Crim. Rep., 529. We have no doubt as to the fact that the learned trial judge was correct in the admission of all this testimony on the ground that it was res gestae.

In addition to this, we note in the statement of facts that witness Wiggington testified without objection as follows: "I heard the defendant say that if they would take the handcuffs off of them that they would take the still down, that they had put it up and knew how it was put together, and that they would tear it down for us." This court has said in many cases that, where the record shows that testimony was admitted from other witnesses without objection, this would render unavailing similar testimony given by the witness being then examined.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is insisted by appellant that the record throws no light on the time which had elapsed between the arrest and making the statement by appellant which was admitted as res gestae. Appellant himself seems to have testified upon that point. He said that after arresting him and his brother the officers "stood around there five or ten minutes" and then asked if the outfit belonged to Upmore. While appellant gives a different version of the conversation than that given by the officers he evidently referred to the same one, and fixes it at such time that it is clearly brought within the res gestae rule. Even if this were not true, the testimony of Wiggington referred to in our original opinion, which was admitted without objection, would cure the error, if any, in receiving the same evidence from others over objection. McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060; Wagner v. State, 53 Texas Crim. Rep., 306, 109 S. W., 169; Reusch v. State, 45 S. W. (2d) 209.

Appellant refers us to bill of exception number two claiming that it brings forward complaint of the evidence of Wiggington, copied in our original opinion. The bill has been again examined. It makes no reference to the language quoted, but complains only of Wiggington's evidence where he testified that appellant, referring to the still, said, "It is ours." This bare statement would seem of little moment as compared to appellant's admission that "they had put the still up and knew how it was put together, and that they would tear it down."

The motion for rehearing is overruled.

*Overruled.*