## JOHN SAYE v. THE STATE.

No. 16424.   Delivered November 1, 1933.
Reported in 64 S. W. (2d) 959.

The opinion states the case.

*J. Earle Kuntz* and *Wayne Somerville,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for being concerned in keeping a disorderly house, the punishment being a fine of $200.00 and 20 days' confinement in the county jail.

No statement of facts or bills of exception are brought forward.

The punishment fixed by statute for the offense of which appellant was convicted is a fine of $200.00 and confinement in the county jail for 20 days for each day accused is concerned in keeping the house. (Article 514, P. C.) In connection with the definition of the offense the court instructed the jury that the punishment was a two hundred dollar fine and confinement in jail for 20 days, nothing being said as to each day carrying the jail penalty. The information contained no averments authorizing conviction for more than one day. The verdict reads:

"We, the jury, find the defendant guilty as charged in the complaint and assess his punishment at the minimum."

If any objection was urged against receiving the verdict when the jury reported, the record fails to show it. In the motion for new trial appellant says the court erred in accepting the verdict as shown by his bill of exception number two, which bill is not in the record. The verdict is unusual in form, and it occurs to us it might have been safer had the court declined to receive it, and sent the jury back to correct it. However, we have reached the conclusion that the verdict may be upheld because of the peculiar wording of the statute as to the penalty and the fact that no averment in the information indicates that the state was seeking a punishment for more than one day. Such being the case the penalty was absolutely fixed by the statute, and the latter part of article 693, C. C. P. (1925) seems controlling. It reads:

"They (the jury) must find that the defendant is either 'guilty' or 'not guilty,' and they shall *assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.*"

The only punishment which could be inflicted was a fine of $200 and 20 days in jail. Gerard v. State, 91 Texas Crim. Rep., 374, 238 S. W., 924.

The judgment is affirmed.

*Affirmed.*