KELLY CARL GIACONA V. THE STATE.

No. 23857. Delivered January 14, 1948.

No attorney of record on appeal for appellant.

*A. C. Winborn*, Criminal District Attorney, and *E. T. Branch*, Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was duly charged with an attempt to commit burglary, and it was also alleged in such charge that he had been theretofore convicted of a like or similar offense. In other words, he was charged as a second offender. His punishment was assessed at confinement in the state penitentiary for a period of four years.

There are no bills of exception found in the record.

From the facts we gather that two police officers in the City of Houston were driving at nighttime near Mr. Barnett's store which was located at 3802 Barnett Street. Their attention was attracted to a pick-up automobile parked nearby. Upon an inspection of the Barnett store, they saw a man, identified by both officers, as appellant, on top of this store building. When the light from a flashlight was placed upon him, the man jumped from the building and fled. As he leaped from the building, the officers heard a sound as of metals striking something. Appellant escaped but the officers, remaining near the scene, apprehended him some forty-five minutes thereafter. They

found certain tools useful in breaking into buildings, and on top of the Barnett store they found a screw driver near a point where the composition roof of the store had been torn and lifted up, which torn place was of recent origin. No testimony was offered by appellant.

The trial court instructed the jury that before they could convict appellant, they must believe beyond a reasonable doubt that he was guilty of this attempted burglary, and also that he was the same person who had been previously convicted of burglary in cause No. 46,067 in the Criminal District Court of Harris County, Texas. Upon their verdict finding such facts to have been shown, the trial court sentenced appellant to a term of four years in the penitentiary. This procedure seems to be in accord with the doctrine laid down in Gerard v. State, 91 Tex. Cr. R. 374, 238 S. W. 924, and as authorized by Article 62, P. C.

Believing this case to have been properly tried in the court below, and no error appearing in the record, the judgment will be affirmed.