# Louis Soble v. State.

No. 24053. June 9, 1948.
Rehearing Denied March 9, 1949.
Appealed to Supreme Court of the United States
Order of Supreme Court of the United States, Denying
Petition for Writ of Certiorari, filed November 14, 1949.

*Grady Niblo, D. A. Frank,* and *A. S. Baskett,* Dallas, for appellant.

*Will R. Wilson, Jr.,* District Attorney, *Henry Wade* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was the owner of a large stock of what is known as "salvage" merchandise, which was stored in nine different buildings located in the city of Dallas. On March 6, 1946, he sold this entire stock to Smith, the injured party, for $25.000. The whole of the purchase price was not paid at the time. It was agreed that as Smith disposed of the stock, payments were to be made on the balance due and that the buildings were not to be entered or merchandise removed prior to final payment, except by the agreement of each party. In furtherance of this agreement, two locks were placed upon each building; one party had a key to one lock and the other to the other lock. The second story of one of the buildings located on Elm Street was No. 2717 1/2.

According to the state's testimony, Smith, on or about April 15, 1946, had completed payment of the full amount of the purchase price and had removed from the buildings all the merchandise therein, save and except that at 2717 1/2 Elm Street. In that building he had merchandise valued at from $1,000 to $2,000. He placed a new lock on that building and paid to appellant rent upon the building until May 6, following.

According to the accomplice witness Powell, appellant, about that time, broke the new lock on the building and moved the merchandise therein to the garage at his residence, Powell hauling the merchandise at appellant's hiring.

Several months thereafter, a search was made of the garage and, as a result thereof, merchandise was found therein which Smith identified as having been stolen from 2717 1/2 Elm Street.

It is for this burglary that appellant stands here convicted, with punishment assessed at ten years' confinement in the state penitentiary.

Appellant admitted that he broke the lock from the door and entered the building at 2717 1/2 Elm Street for the purpose of cleaning it up but that this was long after appellant's lease or right of occupancy of the building had expired and that the reason he broke that lock was because Smith lived in another city and no key was available to the lock. Appellant denied that any merchandise was in the building belonging to Smith at that time, or that any merchandise was taken therefrom by him or the witness Powell. He denied that any of the merchandise found in his garage was the property of Smith and explained

his possession of the property found in his garage by saying that he had purchased same through proper and legitimate channels.

The state's testimony showed appellant guilty, as charged. The jury accepted the state's testimony.

It is insisted that the search of appellant's garage and the finding of the merchandise therein were unauthorized, because of an invalid search warrant.

For the purpose of this discussion, it will be assumed that the search warrant was invalid and the search thereunder was unauthorized, but such, however, by no means shows reversible error, for appellant, testifying as a witness, admitted possession of the property found in his garage.

The only fact established by the search of appellant's garage was that he possessed the property found therein. This fact of possession, having been admitted by him, rendered his objection to the search untenable. One may not complain of the receipt in evidence of facts which he also puts in evidence. Schaefer v. State, 121 Tex. Cr. R. 220, 53 S. W. 2d 302; Wachxmann v. State, 124 Tex. Cr. R. 70, 60 S. W. 2d 216; Johnson v. State, 118 Tex. Cr. R. 293, 42 S. W. 2d 421; McLaughlin v. State, 4 S. W. 2d 54.

The accomplice witness Powell testified to the effect that prior to the commission of the instant offense, he had, at appellant's instance, hauled merchandise from buildings other than 2717 1/2 Elm Street to the home of appellant.

Appellant's objection to this testimony was that it showed the commission by appellant of another and extraneous offense.

The trial court overruled the objection, but in his charge gave the jury the following instruction thereto, as follows:

"If there is any evidence in the record of the defendant taking any property from any building other than 2717 1/2 Elm Street, you are instructed not to consider the same, if any, for any purpose, and the same, if any, is hereby withdrawn from your consideration."

In the first instance, we are not convinced that the testimony was not admissible. Appellant, having by his testimony made

motive and intent an issue in the case, proof of such facts tended to combat that defense and became admissible upon that theory. Branch's P. C., Sec. 166. However, the trial court having withdrawn from the jury's consideration such testimony, any error in admitting the testimony passed out of the case. Under the circumstances reflected, we cannot agree that reversible error is reflected, notwithstanding the withdrawal of the testimony.

In keeping with the defensive theory, the trial court instructed the jury to the effect that if they entertained a reasonable doubt that appellant broke and entered the building for the purpose, only, of cleaning it up or that appellant had the right to enter by reason of any agreement or understanding with Smith, they would find appellant not guilty.

This charge effectually protected appellant's rights before the jury and rendered unnecessary a charge upon joint ownership or special ownership of the building by Smith, as requested by appellant. It must be remembered that the jury were told to acquit the appellant if he broke and entered the building for the purpose of cleaning it up—and this, without reference to want of consent of the alleged owner thereof.

The conclusion is expressed that reversible error is not reflected. The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends in his motion that the original opinion herein is in error wherein it holds that, for the purpose of discussion, it was assumed that the search of appellant's premises was invalid, being based on an invalid search warrant. We did assume therein that such warrant was invalid only for the purpose of argument and the further showing that what was found on such premises was identified by appellant as having been thus found. Nowhere does he say that such findings were a portion of illegally acquired goods from Mr. Smith. In the first place, it seems that a search warrant was issued relative to such place and that appellant's attorneys had seen the same and had it in their possession and that a photoscopic copy thereof had been made, as well as a certified copy thereof, but it was not in possession of the justice of the peace at the time of the

trial. Again, for the purpose of discussion, appellant identified the articles found in his garage and gave places other than the alleged burglarized premises where and from whom he acquired same, at no time admitting that such articles were illegally acquired.

The testimony relative to other haulings to appellant's home by the state's witness from other buildings was withdrawn from the jury, and error, if any, we think was thus removed.

We think the trial court was liberal in his charge to the jury that if they entertained a reasonable doubt that appellant entered the building only for the purpose of cleaning it up to acquit him, this being in line with his defense, regardless of any agreement he might have had or not had with the tenant Smith.

The trial court gave an instructive charge to the jury and the record contains no objections nor exceptions thereto. While the testimony is confusing to some extent, these matters were presented to the jury, who are the exclusive judges of the facts, and we cannot say that their conclusion is not supported by the evidence.

The motion will be overruled.