## JUAN VALENZUELA V. STATE.

No. 24602. November 9, 1949.

No attorney of record on appeal for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for robbery by assault, with punishment assessed at confinement in the penitentiary for life, so fixed by reason of a prior conviction for an offense of the same nature.

At the outset, we are met with the motion of the state to dismiss the appeal because of the escape of the appellant pending the appeal.

Whether the appellant effected his escape within the meaning of that term as announced in Loyd v. State, 19 Tex. App. 137, and Johnson v. State, 41 Tex. Cr. R. 9, 51 S. W. 911 and 54 S. W. 598, is such a close question that we have decided the motion to dismiss the appeal should be and is hereby overruled.

Appellant's guilt of robbery by assault while exhibiting a pistol is shown by the testimony of the injured party. The defense of alibi was rejected by the jury. The facts support the jury's finding.

In the development of its case the state showed that some two days after the robbery appellant was arrested and there was taken from his person a pistol, which was afterward identified as having been used in the robbery. To the introduction of this testimony, as also the introduction in evidence of the pistol, appellant objected, his ground of objection being that the pistol was obtained as a result of an unlawful and illegal arrest. The only fact proved as a result of the arrest was that appellant was found in possession of the pistol which was identified as having been used in the robbery.

It is noted that, upon more than one occasion, appellant, while testifying as a witness in his own behalf, admitted having had possession of the pistol at the time of the arrest and contended, in that connection, that he had purchased the pistol, naming the person from whom the purchase had been made.

It is thus made to appear that appellant, by his own testimony, put in evidence the very fact to which he was objecting. He cannot, therefore, be heard to complain. See Soble v. State, 153 Texas Crim. Rep. 629, 218 S. W. 2d 195, and authorities there cited.

Upon the jury's finding appellant guilty of the primary offense of robbery by assault and a previous conviction for an offense of like nature, the punishment of life imprisonment was fixed by the statute, Art. 62, P. C. No necessity existed, therefore, for the jury to fix punishment in its verdict. Gerard v. State, 91 Tex. Cr. R. 374, 238 S. W. 924; Ware v. State, 207 S. W. 2d 868.

Other bills of exception appearing have been examined and overruled without discussion.

No error appearing, the judgment is affirmed.

Opinion approved by the court.