CARLOS L. CHASCO V. STATE.

No. 24632. February 1, 1950.

No attorney for appellant of record on appeal.

WILLIAM E. Clayton, District Attorney, and Rutledge Isaacks, Assistant District Attorney, El Paso, and George P. Blackburn, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Burglary is the offense; the punishment, four years in the penitentiary.

About four o'clock on the morning of March 24, 1949, two police officers of the city of El Paso, while cruising in a patrol car, noticed appellant and one Reynosa at a filling station and, because of their action and conduct, took them into custody. There were found, in appellant's possession, a guitar and, in Reynosa's, a typewriter. The two men were carried to the police

station. At that time the police officers had no information that a burglary had been committed; they began an investigation and subsequently discovered that the drug store, or pharmacy, of Acosta had been broken into and burglarized that night. The typewriter and guitar found in the possession of Reynosa and appellant were definitely identified as having been taken from the burglarized premises.

Appellant, testifying as a witness in his own behalf, denied any knowledge of or participation in the burglary. He explained his possesison of the guitar by saying that just prior to the time the officers arrested them he chanced to meet Reynosa, who handed him the guitar and asked that he help him by carrying it. Appellant also testified to an alibi, in which he was corroborated by another witness.

The trial court pertinently submitted to the jury the defensive issues of alibi and explanation by appellant of his possession of the recently stolen property. These the jury rejected.

The jury's rejection of appellant's explanation of his possession of the recently stolen guitar constitutes a finding that the explanation made was not reasonable. The sufficiency of the evidence to support the conviction must be tested in the light of this finding.

The unexplained possession of property recently stolen from a burglarized house is a sufficient circumstance upon which a jury may convict the possessor of the property for the burglary. Authorities attesting the rule are numerous, and will be found collated in 6 Tex. Digest, p. 869, Key 42.

The facts are sufficient to support the verdict. Appellant's admission, while testifying as a witness in his own behalf, of his possession of the recently stolen guitar rendered untenable his objection to proof thereof because of an alleged unlawful arrest. Valenzuela v. State, 153 Texas Crim. Rep. 623; 224 S. W. 2d 239; Soble v. State, 153 Tex. Cr. R. 629, 218 S. W. 2d 195.

Other bills of exception appearing in the record have been examined, and are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.