## Mary Dunning v. State.

No. 26,594. December 2, 1953.

*Jack Garrett,* Gainesville, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Article 701 P.C. makes it an offense for any person to keep or conduct any ". . . maternity home or place for the reception, care or treatment of pregnant women without first having obtained a license from the State Board of Health."

The complaint and information charge that appellant kept and conducted such a place at 1207 East Richards Street in Sherman, Texas, without such license.

The case was submitted to the jury upon circumstantial evidence, and we must determine whether or not the evidence is sufficient to sustain the verdict of the jury finding appellant guilty as charged and assessing a fine of $100.

As the result of a search of the building at 1207 East Richards Street in Sherman, occupied by appellant and her husband, the sheriff and his deputies found two boxes of cards each containing the following printed matter:

> "All patients under medical doctors care and
> All expenses paid including hospital
> All maternity clothes furnished
> Legal Adoption

FREE MATERNITY HOME

P.O. Box 683
Norman, Oklahoma
  or write         Married or Single
1207 East Richards St.
  Sherman, Texas       All Nationalities"

Also a pair of rubber gloves, 11 hypodermic needles, 13 other needles, various medicines referred to as druacillin and oil, and crystalline procaine penicillin-G in oil.

The testimony also shows that a pregnant woman was found in the house.

Upon cross-examination of Sheriff Blanton he was asked by appellant's counsel, "Sheriff, I want to know whether you know or not whether she has operated that home for hire." The sheriff answered "Yes." Upon further cross-examination he testified that he knew she operated the home as a maternity home; did not know when she first started or when or whether she had quit; that she operated it on February 16, 1953, the date of the arrest and search.

Asked by appellant's counsel how he knew that the girl he took from appellant's home was pregnant, he answered by observation; and being further questioned about his knowledge of her condition he testified "she told me she was about six months pregnant."

Further examined as to how he knew the girl was not just visiting there, the sheriff answered "Because she told me."

We agree with the trial court that appellant's question elicited the answer and he is not entitled to complain thereof.

We need not determine the question raised as to the legality of the search for the reason that appellant testified on direct examination that she owned each and all of the articles seized and offered in evidence which were found in the house. See Soble v. State, 153 Tex. Cr. Rep. 629, 218 S.W. 2d 195; Spencer v. State, 154 Tex. Cr. Rep. 106, 225 S.W. 2d 174; Chasco v. State, 154 Tex. Cr. Rep. 239, 226 S.W. 2d 447.

Appellant attempted to explain the presence of the pregnant girl in the house as being there as a "baby sitter" and on a

more or less charity basis, and testified that though she had had the cards printed and had arranged for advertising to like effect, which was inserted in two Oklahoma newspapers, she abandoned the idea she had entertained of remodeling her home and conducting therein a maternity home when she was informed that it would be necessary to secure a license to do so, and that she had at no time conducted a maternity home.

She testified that the maternity home in Oklahoma mentioned on the card was operated by her sister.

The testimony shows that the house in question was occupied by appellant, her husband and their son. The pregnant woman and her young daughter were also there when the officers arrived.

The house was described as being in a bad state of repair. There were two bedrooms that appeared to be in use. In the front bedroom the dresser drawers were full of what is referred to as "yards and yards" of "shirting material for either shirts or dresses or that sort of thing."

There were six beds in the house set up and others in the attic "knocked down ready to be set up."

The testimony shows that no license to conduct a maternity home had been issued by the Texas Board of Health authorizing appellant to conduct a maternity home or covering the premises in question.

The jury was not bound to accept the testimony of appellant to the effect that she abandoned the idea of conducting a maternity home after the cards were printed and advertising arranged for. Nor was the jury bound to accept appellant's explanation of the presence of a pregnant woman (who came from Oklahoma) in the house advertised in the newspapers of Oklahoma as a maternity home.

Viewing the evidence in the light most favorable to the state, as is our duty in determining the question of its sufficiency, we have reached the conclusion that it is sufficient to sustain the conviction.

No reversible error appearing, the judgment is affirmed.