### DAVID WOOD V. THE STATE.

No. 21599. Delivered May 7, 1941.
Rehearing Denied June 18, 1941.

The opinion states the case.

*T. M. Collie,* of Eastland, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft of cattle, punishment assessed at two years in the penitentiary.

The facts have been examined carefully and leave no question as to appellant's guilt. It is not thought necessary to set out the evidence in detail or to discuss it unless in connection with the consideration of bills of exception some phase of the testimony should be adverted to.

Bill of exception number two reveals that upon cross examination of appellant he was asked by State's counsel if he had not within the last three years been convicted in the County Court of Eastland County for the offense of swindling, which he answered in the negative. The bill further recites that in rebuttal the State offered the Deputy County Clerk of Eastland County and asked him if he had the judgment of conviction of appellant in that county for swindling, which he answered in the affirmative. At this point appellant objected and the trial court for some reason not disclosed by the bill instructed the

jury not to consider for any purpose the evidence as to such conviction. Appellant presents said bill complaining that the withdrawal of the testimony could not cure the error. The bill, to our minds, fails to show any error in admitting the proof, but the trial judge for some reason known to him withdrew it. Certainly appellant has no ground for complaint as the matter is here presented.

Bills of exception numbers three, four and five bring forward complaint that on cross examination appellant was asked by the district attorney if he was not charged with the offenses of forgery, swindling and wife desertion, to which appellant answered in the affirmative. It is stated in the bills as one ground of objection that "no time and place was shown" as to such charges. The trial judge qualifies the bills by stating that no such objection was urged. It further appears from the record that the inquiry was with reference to indictments then pending against appellant for the several offenses named. Another objection urged was that appellant had not been tried nor convicted of any of the offenses inquired about. It is too well settled in this State to now be open to question that upon the trial of a criminal case, "Defendant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party by proving by the witness on cross examination that he had been indicted or convicted or that he is then under indictment for a felony or for a misdemeanor imputing moral turpitude." Branch's Ann. Tex. P. C., Sec. 167, page 101, with citation of many authorities. To the same effect is Section 240, page 101, 45 Tex. Jur., with cases cited.

Bills of exception numbers seven, eight, nine and eleven present complaints that the district attorney was permitted to prove by witnesses named in said bills that the general reputation of appellant as a peaceable law abiding citizen was bad. The objection urged was that appellant had not placed his reputation in issue. He filed an application for a suspended sentence and thereby put his reputation in issue and the State was within its rights in making the proof complained of. Whitlock v. State, 123 Tex. Cr. R. 279, 58 S. W. (2d) 109, and case therein cited.

Bill of exception number ten brings forward complaint because the court, over appellant's objection, admitted in evidence appellant's written confession. We pretermit a discussion of the question because the qualification placed on the bill

by the trial judge makes it plain that no error was committed in receiving the confession in evidence.

Bill of exception number six recited the fact that appellant had testified on cross examination that he was then under indictments for the various offenses heretofore adverted to in discussing other bills of exception, and then complained at the following language in argument of the district attorney in resisting appellant's plea for a suspended sentence: "The record shows that the defendant has been given chance after chance, and it is useless for you to put the county to the expense of trying these other cases." The objection as stated in the bill was that the argument was outside the record, there was no evidence that defendant had been given "chance after chance," and that the statement was the unsworn testimony of the district attorney to that effect. Here follows the court's qualification on said bill:

"The defendant's attorney is in error in the statement contained in this bill of exception wherein it is charged that the court admitted proof of the defendant's conviction of the offense of swindling in the County Court of Eastland County, Texas. The transcript of the testimony will reveal that all the testimony in connection with an alleged conviction of the defendant in the County Court was withdrawn from the jury on motion of the defendant's counsel and the jury instructed not to consider the same for any purpose.

"The evidence of other felony cases pending against the defendant at the time of the trial of this case was admitted in evidence over the strenuous objection of defendant's counsel; it being urged, among other things, that since there was no conviction such testimony was inadmissible. Likewise the defendant's counsel objected to the testimony offered by the State as to the reputation of the defendant in connection with defendant's application for a suspended sentence; it being the contention of defendant's attorney, as is evidenced by his other bills of exception shown in this record, that the reputation of the defendant was not in issue and hence no evidence concerning said reputation was admissible by the State.

"In the argument the entire record was thoroughly discussed by counsel for both the State and the Defendant; the defendant's attorney contending that under the record the jury would be justified in giving the defendant the benefit of a suspended

sentence in the event of conviction, and contending throughout the trial of the case and, as I recall, in his argument, that since none of the felony cases against the defendant had been tried, that same should not be considered by the jury for any purpose. The district attorney, in closing the argument for the State, in discussing the application for a suspended sentence that had been filed by the defendant, and answering the defendant's counsel, was contending that under the record as a whole the jury would not be justified, in the event of a conviction, to suspend any such sentence. While this argument was proceeding, Mr. Collie, attorney for the defendant, approached the court's desk, without interrupting the speaker, and stated to the court that he objected to the argument of the district attorney in connection with the suspended sentence, and was assured by the court that he would be given a full bill. No further complaint was made in connection with such argument until this bill of exception was submitted for approval. Counsel for the State and defendant are unable to agree to the language used; it being the contention of defendant's counsel that the language set out in the bill of exception is substantially true, and just as positively it is denied by the district attorney. On account of the long lapse of time, the court is unable to determine who of the attorneys is correct in their contention."

As we understand the record it is not thought the foregoing bill when considered in connection with the qualification presents an error demanding a reversal even if the bill correctly reflects the language complained of. It is doubtful if the bill should be considered as certifying that the district attorney used the language set out in the bill. The attorneys could not agree as to what was said, and the court says he does not know which is right. Almost this same condition was present in Watson v. State, 105 Tex. Cr. R. 152, 287 S. W. 265, where it was held that where the trial court certified that he could not say "whether or not the district attorney used the language complained of" it was not a certificate that the argument was made, citing Lane v. State, 59 Tex. Cr. R. 595, 129 S. W. 353. We also call attention to the fact that this court has not approved the manner in which objection to argument was made in the present instance. Our former opinions indicate that objections should be so made that the attorney making the claimed improper argument may know what is being urged against his argument and be in a position to explain or withdraw it if he has violated the proprieties in the matter. If the

objection here had been so made in all probability the controversy over what was really said would not have arisen. See Harris v. State, 93 Tex. Cr. R. 544, 249 S. W. 485; Simmons v. State, 93 Tex. Cr. R. 421, 248 S. W. 392, and cases there cited.

Special charges one, two and three appear to be predicated on the contention that the record revealed a variance between the averment in the indictment that the cattle were taken from Claude Peck, and the evidence on that point, it being appellant's contention that they were taken from the possession of Tiff Harrell. As we understand, the facts about the matter are as follows: Harrell conducted an "auction ring" at Ranger. He and Peck were going to take a mixed load of cattle to Ft. Worth on June 26th intending to leave between three and four o'clock in the morning. The evening before Peck brought two head of his cattle and placed them in Harrell's pen as a convenience to facilitate an early start next morning. When Peck went to the pen about three o'clock he discovered the gate open and his two head of cattle gone. It is clear from Peck's testimony that he did not regard Harrel as having control, and management of his two cattle, or responsible for their safety. Mr. Harrell testified that when stock was placed in his pen he had charge of it and supposed he would be liable if anything happened to them. With reference to these particular cattle he testified:

"Mr. Peck had his stock there as a matter of convenience I did not claim the cattle he left there, they were not mine; I had two cows of my own. I did not claim possession of his cattle; by reason of the fact they were in the pen at all. I considered all the time they were Mr. Peck's cattle and in his possession, even though they were in my pen."

We are of opinion that no variance occurs in the proof and averments as to possession. However, the court submitted the the issue of variance to the jury in an appropriate instruction and the finding thereon was against appellant.

Appellant objected in writing to the court's charge because the jury was not instructed that they could not convict appellant upon his extra-judicial confession alone, and requested a special charge upon the subject. It has long been settled that if the corpus delicti—in this case the theft of the cattle—is established by evidence outside the confession, appel-

lant's connection with the theft may be shown by the confession alone, that under such circumstances it is not error to omit the charge here requested. Sullivan v. State, 40 Tex. Cr. R. 633, 51 S. W. 375; Burk v. State, 50 Tex. Cr. R. 185, 95 S. W. 1064; Willard v. State, 27 Tex. Cr. R. 386; 11 S. W. 453. The evidence leaves, independent of the confession, no doubt that someone stole the cattle from the pen where the owner had placed them. Appellant's confession admits his connection as a principal in the theft. Furthermore, the corroborating evidence of the confession is ample to relieve the record of error by reason of the omission of the instruction requested.

All other questions presented have been considered, whether or not particularly mentioned, and none is thought to manifest error.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant contends that we erred in several respects in our original opinion: First, in holding that Bill of Exception No. 2 failed to reflect any error inasmuch as the court withdrew from the jury the testimony of the deputy county clerk relative to the appellant's conviction in the county court on a charge of swindling. He contends that the court did not withdraw from the jury the testimony of the county clerk but in fact withdrew the appellant's testimony to the effect that he had not been convicted of the offense of swindling. We do not believe that the matter, as disclosed by the bill, is subject to such construction. The bill shows that the court instructed the jury not to consider any testimony given by the defendant as to any complaint having been filed against him in the county court for the offense of swindling; and the testimony of his having been convicted of the offense of swindling was also withdrawn. Who testified to the conviction for swindling? Certainly not the defendant. The only witness who did so testify was the deputy county clerk, and such testimony was withdrawn from the consideration of the jury. Hence, whatever prejudicial effect, if any, which this testimony might have had was, in our opinion, effectively withdrawn because the jury assessed the lowest punishment for the offense of which appellant was convicted.

The next complaint is that we erred in holding the evidence, independent of appellant's confession, sufficient to establish the corpus delicti. He contends that the only evidence introduced by the State to prove the corpus delicti was the appellant's extrajudicial confession, which is not legally sufficient to meet the requirements of the law. It is true that an extrajudicial confession, standing alone, is not sufficient to establish the corpus delicti, but, under the well-established rule, as it now exists, the corpus delicti need not be proved independent of the confession. In the establishment of the corpus delicti, the extrajudicial confession is not to be excluded but is to be taken in connection with other facts and circumstances in evidence. We quote from the case of Lott v State, 131 S. W. 553, in which this court, speaking through Judge McCord, said:

"The general doctrine is that extrajudicial confessions, standing alone, are not sufficient proof of the corpus delicti; and some of the cases hold that the corpus delicti must be proved independently of confessions. But we do not understand such to be the better doctrine. In other words, in the establishment of the corpus delicti the confessions are not to be excluded, but are to be taken in connection with the other facts and circumstances in evidence."

We quote also from 4 American & English Encyclopedia of Law, p. 309, as follows:

"When a confession is made, and the circumstances therein related correspond in some points with those proved to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused. Full proof of the body of the crime, the corpus delicti, independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient."

In support of what we have said, we refer to the case of Black v. State, 137 Tex. Cr. R. 173. However, we are still of the opinion that the corpus delicti was sufficiently proved by evidence independent of the appellant's extrajudicial confession. We do not deem it necessary to state the facts in detail.

Believing that the proper disposition of the case was made on the original submission, appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.