ALBERT EDWARDS V. STATE

No. 25145. February 28, 1951.
State's Motion for Rehearing Granted April 18, 1951.
Appellant's Motion for Rehearing Denied June 6, 1951.

Hon. Frank Williford, Jr. Judge Presiding.

*Charles E. Heidingsfelder, Jr.*, Houston, for appellant.

*A. C. Winborn*, Criminal District Attorney, *Spurgeon E. Bell* (Special Prosecutor) both of Houston, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment death.

The deceased Paul Walker and Betty Lou Edwards, wife of appellant, while seated in Walker's car at eight o'clock at night, on a highway near Houston, were shot to death by the same person at the same time. This trial is for the killing of Walker. On the day following the homicide appellant surrendered to the sheriff of Harris County and, soon thereafter, went with a deputy sheriff to his brother's house and there delivered the pistol which he had used. A slug taken from Walker's body was established to have come from this pistol. A paraffin test of appellant's hands showed that he had recently fired a gun.

According to the state's testimony, within an hour follow-

ing the killing appellant returned an automobile which he had rented the day before. He stated to the attendant that he "* * * had anticipated keeping this car for a week but I have finished my business sooner than I expected." Three hours after the homicide the appellant registered under an assumed name in a hotel in Houston. Shortly thereafter he was solicited by a prostitute and had two acts of sexual intercourse with her. At the conclusion of this entertainment a rendezvous for the day following was discussed and the appellant agreed thereto, "* * * if he didn't have to go to jail." The prostitute testified that appellant appeared not to have been excited.

Appellant, testifying in his own behalf, traced the history of his life, told of four separations and a contested divorce within the four years of his marriage to Betty Lou Edwards, and gave the following version of what occurred. At the time of the homicide appellant and his wife were not living together, but had been on a vacation trip during the week prior, were planning another, and had discussed going back together again. Appellant testified that on two occasions prior to the homicide he had seen his wife in company with deceased and that he had remonstrated with deceased about attempting to break up his family. Appellant said that he had called his wife on the telephone in the late afternoon of the day of the killing and made an engagement to go out and see her at her mother's home at nine o'clock that night. Varying his plans, he had driven out in that direction shortly before eight o'clock and as he approached the house he saw his wife get in a car with deceased and drive away.

Appellant followed deceased's car and, after some time, pulled up beside it. Appellant got out of his car and demanded an explanation from deceased. According to appellant, the deceased stated that he would go with whom he pleased and that he was going to get out of the car and kick out appellant's teeth. As deceased attempted to come out of the car appellant shot him and continued to fire until his pistol was empty. There were two bullet holes found in deceased and three in the body of Betty Lou Edwards. They were both seated in the front seat of Walker's car, off the shoulder of a busy thoroughfare.

Appellant left the scene of the shooting not knowing, as he says, that he had killed his wife. He stopped and called the police and reported that a shooting had occurred, and where. He then went to his brother's house and concealed the pistol in

the attic. This was the pistol he delivered the next day to the deputy sheriff. While there he called his wife's mother and reported that he thought his wife had been in an accident and suggested that she check with the hospitals. He then checked in the rented car, attended a picture show, bought some newspapers, and retired to the hotel where he met the prostitute. The next morning he went to his attorney's office and together they repaired to the sheriff's office for the purpose of surrendering appellant.

Appellant's bills of exception may be grouped for discussion as to the issues they present. Bills Nos. 1, 2, 3, 4 and 17 complain of the admission of evidence relative to the death of Betty Lou Edwards. It is apparent from the record that the appellant killed two people with one burst of pistol fire. Surely in such a case one is res gestae of the other. The rule has been aptly stated in 18 Tex. Jur. 77, Sec. 39, as follows:

"Whenever two or more offenses are so blended or connected with one another that they form an indivisible transaction, evidence of the commission of any or all of them is admissible on the trial for any offense which is itself a detail of the whole criminal scheme."

Bill No. 7 complains of the testimony of the witness Heaslet, a prostitute, who told of having for hire two acts of sexual intercourse with appellant some three hours after the homicide. This court, after careful consideration, can conceive of no theory of admissibility for such testimony. That it was damaging to appellant, there can be no question. To admit such testimony would be to say that a man might be tried for being a low character or a rascal generally. Fortunately for all, this has never been the rule.

Bill of Exception No. 5 complains of evidence from the hotel keeper with whom appellant registered under an assumed name some three hours after the homicide. Evidence of flight or avoidance of arrest has been held to be of the strongest probative value. McCormick & Ray, Texas Law of Evidence, p. 895, Sec. 694; Wharton's Criminal Evidence, 11th Ed., Vol. 1, p. 393.

This court is precluded from considering Bills of Exception Nos. 18 through 21. Each of them is to the argument of the district attorney and contains the following qualifications: "* * * that defendant's attorney indicated privately to the court reporter who was reporting the argument, that he ob-

jected to the part of the argument just made. The District Attorney was not interrupted while making his argument, and did not know that any objection was made to any part of his argument."

The requisites of a bill of exception to argument have been set forth in 4 Tex.Jur. 290, Sec. 204.

Presiding Judge Hawkins, in Wood v. State, 142 Tex.Cr.R. 282, 152 S.W. 2d 335, at page 338, said: "We also call attention to the fact that this court has not approved the manner in which objection to argument was made in the present instance. Our former opinions indicate that objections should be made so that the attorney making the claimed improper argument may know what is being urged against his argument and be in a position to explain or withdraw it if he has violated the proprieties in the matter."

Because of the error in admitting the testimony of the prostitute, the judgment of the trial court is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

Our original opinion herein reversed this cause because of the admission of evidence concerning acts of sexual intercourse had by appellant with a prostitute shortly after the homicide. We adhere to our ruling that such evidence was improper, but reverse our decision as to the effect of its admission in this particular case because of the circumstances under which it was admitted. A careful scrutiny of the tender and acceptance of this evidence is necessary.

In the first place, the state offered the direct testimony of the prostitute taken at a former trial. This was objected to solely on the ground that it was inadmissible for any purpose and that it was not a part of the res gestae. No objection was leveled at the evidence concerning the acts of sexual intercourse specifically. Part of this direct testimony was admissible as against the objections advanced and against any possible objections that could have been made. This was the part that corroborated the state's evidence of flight and placed appellant in Room 5 where he had been shown to have registered under an

assumed name. Since part of the evidence was admissible, an objection to the whole will not be sustained.

In the second place, the defendant was in possession of a copy of his cross-examination of the prostitute at the former trial. He knew what was contained therein. He offered it all in evidence. Had he offered all save that concerning the acts of sexual intercourse, a different question would have been presented.

We do not wish to be understood to require appellant to forego or limit his cross-examination of a witness who had given inadmissible testimony in order to be in a position to present an objection to such inadmissible evidence to this court. However, under the facts of this case, where appellant knew in advance what was contained in her cross-examination and offered it, sexual intercourse and all, we believe that he waived his right to complain to this court.

In view of the above analysis, we have now concluded that Bill of Exceptions No. 7 presents no error; therefore, the state's motion for rehearing is granted and the judgment of the trial court is here now affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing in this cause presents nothing new for our consideration. The question of the admissibility of the testimony of the prostitute referred to in the original opinion has given us much concern. It was thoroughly considered by all members of the court on the state's motion for rehearing and the opinion resulting therefrom expresses our conclusion. The question is worthy of the consideration given it and we believe it has been decided according to law.

Appellant's motion for rehearing is overruled.