RAUL GONZALEZ V. STATE.

No. 25271. April 25, 1951.

Hon. Charlie Sullivan, Judge Presiding.

*Thomas and Thomas*, and *Jones and Taylor*, Big Spring, for appellant.

*Elton Gilliland*, District Attorney, Big Spring, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty-five years in the penitentiary.

The more serious questions are presented by Bills of Exception Nos. 2, 3, 4 and 5. Bill of Exception No. 2 is leveled at comments of the court contended to be on the weight of the evidence. Appellant's capacity to understand English became

a contested issue. He was of Latin-American descent, was 17 years old, and had attended schools where English was spoken for only two years. A confession was introduced in evidence, and the services of an interpreter were not employed in securing the same.

After announcements the indictment was read, and appellant personally plead guilty. At this juncture the court stated, in part: "This defendant was arraigned on the 9th and 1st of this year, and appeared at that time to understand English and plead not guilty. And of course, I had this hearing and testimony was brought out that he did understand English. But the court does not want any doubt in mind about the matter and wants this defendant to have a fair and impartial trial and therefore I will appoint an interpreter who is agreeable to both sides."

After objection and a request to instruct the jury not to consider the above statement of the court, the court, among other things, continued with the following: "When the indictment was read to the defendant, he seemed not to understand the English language; therefore, the court is appointing an interpreter because the court doesn't know whether he can understand English or not."

To this statement further objection was taken, and the court was moved to declare a mistrial.

After some few minutes the court continued, in part, as follows: "The court stated a few minutes ago that when the defendant was arraigned, he seemed to understand the English language. I will instruct the jury not to consider that statement for any purpose."

Following, this appellant renewed his motion for a mistrial which was overruled.

Members of this court have served on the trial bench and realize full well the natural desire of the trial judge to explain to the jury the reason for the many delays in the course of a trial. But we are also equally as well familiar with the weight given by the average juror to any comment, expression or gesture made by the court.

We have concluded that the jury, from the above remarks of the court, in all probability were led to believe that the

court at some stage of the proceedings at least thought appellant understood English. This became a vital issue for their determination when the confession was offered in evidence.

Bills of Exception Nos. 3, 4 and 5 relate to a rule of the trial court which required appellant's attorneys to remain at the bench and make their objections to the prosecutor's argument to the court and court reporter without interrupting the prosecutor.

We have held such a rule of the trial court to be beyond his authority, Weige v. State, 81 Tex. Cr. R. 476, 196 S.W. 524. We have held an objection thus made not to be valid, Edwards v. State, No. 25,145, (Page 146). We do not here commend the practice, but hold that appellant must show injury which he has not done in the case at bar.

Because of the error set forth herein, the judgment of the trial court is reversed and the cause remanded.