CURTIS ELDRIDGE V. STATE

No. 26,972.  May 12, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 23, 1954

*Cunningham, Cole & Southerland,* by *Buster Cole,* of Counsel, Bonham, for appellant.

*Albert L. Bartley, Jr.,* County Attorney, *Kellis W. Sampson,* Assistant County Attorney, Bonham, and *Wesley Dice,* State's Attorney, Austin, for the State.

MORRISON, Judge.

The offense is the sale of gin in a dry area; the punishment, 60 days in jail and a fine of $200.00.

The sufficiency of the evidence is not questioned, and the sole question presented for review is an indirect reference to the appellant's failure to testify contained in the prosecutor's argument. The bill of exception bringing this matter forward contains the following qualification;

"Counsel for defendant, during the closing argument of the County Attorney, walked to the bench, objected and *accepted* to the above argument but did not stop or interrupt the County Attorney and no request was made of the Court to give the Jury any instructions to disregard the sentence."

In Weige v. State, 81 Texas Cr. Rep. 476, 196 S.W. 524, we held that a trial court had no authority to require counsel to make his objections privately to the court. We stated a very valid reason for so holding as follows:

"Under its operation none but the trial judge and the attorney whispering the objection to the judge would be in position to know what objections were made and to what subject matter they related, or what ruling the court made thereon; so that if, in preparing a bill of exceptions, there was a disagreement between the attorney and the trial judge as to the terms of the objection, or its subject matter or ruling, it would be futile for the attorney to call upon bystanders to settle the dispute, because they would be perforce of the rule in ignorance of the proceedings, and the litigant would be driven to accepting the bill of exceptions in the terms that the court prepared it, or consent to such qualification or modification of it that the court might make."

In Watson v. State, 105 Texas Cr. Rep. 152, 287 S.W. 265, the bill of exception was qualified as follows:

"At this stage the attorney for the defendant walked up to the judge's bench and told the judge he was excepting and objecting to said remarks by the district attorney."

We said:

"There is no statement in the bill that the court made any ruling on the matter, or that he was requested so to do. The inference may be drawn that the complaint was made privately to the judge. It has been held that an objection so made is not available."

In Gonzalez v. State, 156 Texas Cr. Rep. 20, 238 S.W. 2d 768, and in Edwards v. State, 156 Texas Cr. Rep. 146, 239 S.W. 2d 618, we held an objection thus made not to be valid.

Finding no reversible error, the judgment of the trial court is affirmed.