## DELBERT SCHULTZ V. STATE

No. 27,197.  November 24, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 12, 1955

*Nye & Cohn,* Corpus Christi, and *Wade & Wade,* Beeville, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, a fine of $200.00. The grounds of aggravation alleged were that the appellant was an adult male and the injured party a female.

Appellant's employer, a finance company, held an overdue chattel mortgage on the automobile of Mrs. Pace, the injured party, and they sent him to Ingleside on the day in question to repossess the same in accordance with the terms of their mortgage. Mrs. Pace knew that the monthly installment was overdue, that the mortgage authorized repossession in such cases and that the appellant was a representative of the mortgagee. Appellant saw Mrs. Pace enter the postoffice, whereupon he and his fellow employee shoved the mortgaged automobile away from the curb and had it in a position to be pushed away when Mrs. Pace came out of the postoffice.

Mrs. Pace tried to open the right-hand front door of the automobile; the appellant endeavored to lock it but was unable to do so and pulled it closed again; this procedure was repeated several times, and she finally got in the automobile with the appellant.

From this juncture forward there is a conflict in the testimony. Mrs. Pace testified that as she started to get in the automobile appellant "hit me on my chest with his open hand, as if to push me out. I continued on and he hit me with his hand clenched, but I got in and closed the door behind me." She testified that after the automobile had been pushed approximately two blocks they came to a stop and after she opened the door the appellant pushed her out in the street.

State's witness Moore testified that the appellant pushed Mrs. Pace out of the automobile twice in front of the postoffice and that he pushed her out again further down the street.

State's witness Crow testified that the appellant hit Mrs. Pace twice after she got in the automobile.

Defense witness Gillard, appellant's fellow employee, testified that the door of the automobile was opened and closed several times but denied that the appellant struck or pushed Mrs. Pace.

Defense witness Jungerman denied that the appellant hit or pushed Mrs. Pace.

Appellant also denied that he inflicted any violence upon the person of Mrs. Pace.

The jury resolved this disputed issue of fact against the appellant, and we find the evidence sufficient to support the conviction.

Appellant complains of the overruling of his motion for instructed verdict on the ground that the above state of facts establishes an absolute defense under Article 1142, V.A.P.C., which reads, in part, as follows:

"Violence used to the person does not amount to an assault or battery in the following cases.

*   *   *   *

"4. In preventing or interrupting an intrusion upon the lawful possession of property."

The court was not in error in refusing such motion because the issue of the use of excessive force was raised by the evidence and was a question for the jury's determination. The trial court properly submitted this issue to the jury as follows:

"You are instructed that violence used to the person does not amount to an assault when used in preventing or interrupting an intrusion upon the lawful possession of property. You are further instructed that lawful possession of property means that the person exercising the right to defend the property must have actual, and not merely constructive possession of the property in dispute. But it is sufficient if he had actual possession and in fact believed that he had a right thereto. In this connection if you believe that from the evidence that the defendant was in lawful possession of the automobile at the time the witness Pace came to the automobile, or if you have a reasonable doubt thereof, and if, in an effort to prevent the witness Pace from interfering with such possession of said automobile, defendant struck the witness Pace, if he did so, and in doing so used no more force than was reasonably necessary to prevent said Pace from interfering with defendant's possession of said automobile, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, 'not guilty.' "

By Bill of Exception No. 3 the appellant objected to this portion of the charge because the same did not assume that the appellant was in actual and lawful possession of the automobile at the time of the assault. He submitted a requested charge which instructed the jury that the appellant was in lawful possession and then told them to acquit if they found that the appellant used no more force than was necessary.

He relies upon Sims v. State, 38 Texas Cr. Rep. 637, 44 S.W. 522, which involved a killing over a division fence. The fence had been in place a number of years; the deceased was endeavoring to move it by force and over the protests of the appellant. There we said:

"The fact that appellant was in the actual possession of the strip of land over which this homicide occurred is undisputed by any evidence in the record. In the instruction by the court, the legality of appellant's possession should have been assumed as a fact, because it was the foundation of his defense."

But do the facts in the instant case bring it within the rule expressed in the Sims case? We do not think so. The appellant and his companion saw Mrs. Pace drive up to the postoffice, get out of the automobile and go inside. When appellant got to the automobile he found that she had taken the keys out; he then requested several bystanders to assist him in shoving it away from the curb, and they refused; he then signaled to his associate, and together they moved it out in the street. It was at this juncture and while, according to the State Witness Crow, the appellant still had one foot on the ground that Mrs. Pace came out of the postoffice. It is apparent from the record that the appellant was unable to start the motor of the automobile and was able to have it pushed to Corpus Christi because it was the type of automobile on which the steering column did not lock upon the removal of the key.

We conclude from the above that a question of fact existed as to whether the appellant was in possession of the automobile, and the same was properly submitted to the jury for their determination.

Appellant's bill of exception relating to jury argument will not be discussed because the court's qualification thereto brought it squarely within the rule recently announced in Eldridge v. State, (page 309, this volume), 268 S.W. 2d 667, wherein we held that an objection made privately to the court was not sufficient.

Finding no reversible error, the judgment of the trial court is affirmed.