Helen Ruth KEENER, Appellant,

v.

The STATE of Texas, Appellee.

No. 42983.

Court of Criminal Appeals of Texas.

July 22, 1970.

Howell & Sherbert by Frank Killough, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment, 15 years.

The indictment alleged that on or about April 7, 1968, appellant voluntarily and with malice aforethought killed Willie Charles Thomas by shooting him with a gun.

Tried on her plea of not guilty, a jury found appellant guilty, rejected her motion for probation and assessed her punishment.

Appellant was represented at her trial and on appeal by counsel of her choice; was at large on bail pending trial and is at large pending the outcome of her appeal. However, upon her affidavit that she was unable to pay therefor, the court directed the court reporter to prepare a statement of facts.

A full record on appeal was filed in this court March 17, 1970.

Three grounds of error are set forth in appellant's brief. The first presents the contention that the evidence is insufficient to support a conviction for murder with malice.

The state's evidence includes the following:

On the evening of April 7, 1968, the deceased, accompanied by his brothers-in-law, Harold Maxie and Julius Smith, left the Collins Lounge, where they had been playing pool and drinking beer, to go to Marsha's Inn some five blocks away.

About a half block from Collins Lounge they encountered appellant, her mother and Reverend Victor Langford who were standing on the sidewalk. As the deceased and his companions started to go around them appellant fired a .22 caliber pistol she took from her blouse, the bullet striking the deceased in the left chest, penetrating the left lung and aorta, causing "two quarts of internal hemorrhage in the left chest and this resulting in irreversible shock and death."

After the shot was fired Reverend Langford grabbed appellant and she "told him to turn her loose she was going to kill all of them s— o— b—s."

Appellant testified that the deceased had his hand up under his shirt; that she was afraid; that the deceased had threatened to kill her; that she believed that he had a gun, knife or some kind of weapon to kill her with; that she said "don't come up on me, you all beat me up last night" and she reached in her bra'—"I just reached down and fired. I didn't aim it at no one. I just fired."

A large part of the 339 page transcript of the evidence relates to the happenings of the night prior to the killing.

Appellant's brief urges that the only witnesses for the state to rebut her claim of self-defense were relatives of the deceased, some of whom had participated in beating her the night before, and that all of the credible testimony supports appellant's contention that the shooting of deceased "was motivated solely due to self-defense and not due to any unusually cruel disposition toward the deceased."

The issues of self-defense and whether the killing was upon malice aforethought were submitted in the court's charge and were resolved against appellant. As trier of the facts, the jury may believe that portion of the testimony it sees fit to accept as true. Hudson v. State, Tex.Cr. App., 418 S.W.2d 813.

We find the evidence sufficient to sustain the jury's verdict.

Ground of error No. 1 is overruled.

The second ground of error presents the contention that the state failed to prove venue.

This court judicially knows that Houston is in Harris County and is the County Seat of said County.

The evidence reflects that Collins Lounge is on Tuam Street, about 25 blocks south of the Courthouse, and that deceased was about a half block from Collins Lounge when he was shot. The evidence further shows that after being shot deceased ran to the door of the Black Cat Lounge, a half block away, where he died.

Officer M. E. Hurley testified that he went to the Black Cat Lounge on Main Street, in Houston, on April 7, 1968, where he found a man lying on the steps bleeding from the nose and mouth. He learned that the man's name was Willie Thomas. He remained with him until the ambulance arrived, at which time the man was dead.

Officer P. K. McKeehan testified that he was familiar with the area of Tuam Street and that Collins Lounge and several other lounges around there were "all here in Harris County, Texas."

Venue was also shown in the deposition of Reverend Langford, to which appellant's remaining ground of error relates.

Ground of error No. 2 is overruled.

Ground of error No. 3 complains that the trial court erred in failing to grant a new trial due to the prejudicial error of the State's Attorney in reading into evidence, over defendant's objection, portions of the deposition of Reverend Langford when no proper predicate had been laid for the admission of said deposition.

A portion of said deposition was used in cross-examination of appellant. No specific objection was made at the time. Thereafter, the entire deposition was introduced by the defense and read to the jury.

Any error in the reading of portions of the deposition was not preserved, Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Spencer v. State, Tex.Cr.App., 438 S.W.2d 109; 6 Tex.Jur.2d 68; and was cured by introduction of the same evidence by the appellant. Ramirez v. State, 169 Tex.Cr.R. 494, 335 S.W.2d 228; Cook v. State, Tex.Cr. App., 409 S.W.2d 857; Edwards v. State, 156 Tex.Cr.R. 146, 239 S.W.2d 618.

The judgment is affirmed.