Raleigh DURANT, Appellant,

v.

The STATE of Texas, State.

No. 2–84–121–CR.

Court of Appeals of Texas,
Fort Worth.

April 17, 1985.

George Kredell, Arlington, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant was convicted by a jury of burglary of a habitation. Based on an enhancement count, the court assessed punishment at 20 years confinement in the Texas Department of Corrections. Appellant raises three grounds of error.

We affirm.

On January 24, 1984, the complainant discovered that jewelry, guns, and other valuable articles had been stolen from his house. The complainant notified the Fort Worth Police Department and a few days later the police learned from a routine pawn shop inventory report filed with them that a ring, matching the description of one stolen from complainant's house, had been pawned by one Raleigh Durant on January 25, the day after the burglary. Although it is not entirely clear from the record, apparently an arrest warrant was issued in the name of Raleigh Durant based on information from the pawn shop report. Some eighteen days after the offense, an Officer Lee and another officer stopped a car being driven by appellant for speeding. Appellant was driving without a license and without proof of insurance. When asked for his name, the appellant responded with a name which the officer knew to be false. Appellant was then arrested. At trial, Officer Lee testified to the circumstances of the arrest over objection by appellant.

In ground of error number one, appellant argues that the prosecutor's remark in his rebuttal jury argument that "if this Defendant had made an explanation to a Police Detective, that detective would have testified," constituted an impermissible comment on appellant's failure to testify. TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979). We disagree. For a prosecutorial comment to violate art. 38.08, the language must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *See Stafford v. State,* 578 S.W.2d 394, 395 (Tex.Crim.App.1978); *Angel v. State,* 627 S.W.2d 424, 426 (Tex.Crim. App.1982). We do not find that the remark in question was of such character. Furthermore, it appears that the prosecutor's remarks were invited by the following jury argument by defense counsel:

> "So when the Police Officer [Officer Lee] came up here, I thought sure he was going to clear up the mystery. He was going to tell us how Raleigh Durant got into the house. Who saw Raleigh Durant in the house ... Who was with Raleigh Durant when the burglary was committed. None of that. The Police Officer didn't even talk about the burglary.
>
> "Why not? Ask yourself why he didn't mention one word about the burglary. Because the officer does not himself know anything about it."

A prosecutor may not go outside the scope of an invited argument. *Kincaid v. State,* 534 S.W.2d 340, 342 (Tex.Crim. App.1976). The prosecutorial remark in question, however, was simply a response to the criticism levelled at Officer Lee's testimony by defense counsel for failing to talk about the burglary. Furthermore, the prosecutor did not repeat the remark, and thus, any error was harmless. *See Buitu-*

*reida v. State*, 684 S.W.2d 133, 141 (Tex. App.—Corpus Christi 1984); *Chapman v. United States*, 547 F.2d 1240, 1249–1250 (5th Cir.1977) *cert. denied*, 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977). The remark did not exceed the scope of defense counsel's invitation, and it did not constitute a comment on appellant's failure to testify. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in allowing Officer Lee to testify to the circumstances surrounding appellant's arrest some eighteen days after the burglary. Appellant contends that the circumstances surrounding the arrest—that appellant was stopped for speeding, showed no driver's license or evidence of insurance, and that he and his passenger gave false names—are irrelevant to the charge of burglary. Appellant also contends that Officer Lee's testimony constituted an improper impeachment of appellant because appellant had not taken the stand.

We disagree. It is not impermissible for the State to prove the circumstances surrounding the arrest of a suspect. *See Jones v. State*, 471 S.W.2d 413, 414 (Tex.Crim.App.1971). Furthermore, the untruthful offer of an assumed name by an accused has long been held to be evidence of avoidance of arrest and of strong probative value. *Edwards v. State*, 156 Tex. Crim. 146, 239 S.W.2d 618, 620 (1951). Appellant's second ground of error is overruled.

Finally, in his third ground of error, appellant contends that there was insufficient evidence to support the verdict that appellant was guilty of burglary of a habitation. There is sufficient evidence to sustain a conviction for burglary if the evidence shows that appellant was in possession of recently stolen property and (1) the possession is personal to defendant, (2) the possession is recent, (3) the possession is unexplained, and (4) the possession involves a distinct and conscious assertion of right to the property by defendant. *See Jackson v. State*, 645 S.W.2d 303, 306 (Tex. Crim.App.1983); *Williams v. State*, 621 S.W.2d 613 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 908, 102 S.Ct. 1755, 72 L.Ed.2d 165 (1982); *Ward v. State*, 581 S.W.2d 164, 168 (Tex.Crim.App.1979). In the case at bar, the testimony adduced at trial met these criteria. The evidence established that on the afternoon after the burglary, appellant pawned complainant's stolen high school class ring. This evidence was sufficient to sustain a conviction for burglary of a habitation.

Appellant argues that the State failed to carry its burden of proof because it did not offer evidence to refute the explanation offered by appellant's girl friend at trial. (She testified that appellant found the ring at a playground). However, the State had no obligation to disprove the explanation proferred by appellant's girl-friend, because it was made for the first time at trial. *See Espinosa v. State*, 463 S.W.2d 8, 10 (Tex.Crim.App.1971). Furthermore, the jury was entitled to consider her past criminal record (she admitted she was on probation for burglary) and her relationship to the accused in evaluating her explanation and weighing her credibility. *See Chasco v. State*, 154 Tex.Crim. 239, 226 S.W.2d 447, 448 (1950). Appellant's third ground of error is overruled.

The judgment below is affirmed.