NUMBER 13-04-301-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

GABRIEL CASON,                                                    Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

             On appeal from the County
Court at Law No. 2 

                           of Nueces
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                                    Before Justices Yanez,
Castillo and Garza

                              Memorandum
Opinion by Justice Castillo

 








A jury convicted appellant Gabriel Cason of driving
while intoxicated.[2]  The trial court assessed punishment at 180
days in jail, probated for one year, a $1,000 fine, and restitution in the
amount of $360 for Lydia Adams and $1,823.14 to Miguel Escalante.  By two issues, Cason challenges the legal
sufficiency of the evidence and the basis for restitution.

I.  BACKGROUND

On October 15, 2001, at approximately 4:00 a.m., Lydia
Adams was asleep when she woke to a loud crash. 
A vehicle had crashed into her bedroom wall, pushing her bed a "few
feet" against another wall.  Her
father, police officer Miguel Escalante, the homeowner, woke up when he heard
the crash and his daughter screaming. 
When Escalante finally forced open the door to her bedroom, he observed
a Ford Explorer had crashed into the residence. 
He observed Cason "coming around from the driver's side on toward
the passenger side" of the vehicle, while the front part of the vehicle
was lodged in the bedroom wall.  Cason
told Escalante he "didn't mean to drive into [the] house."  Escalante observed that Cason was "very
intoxicated," smelled strongly of alcohol, and staggered.  Cason's eyes were bloodshot.  








Officer Joseph Christian arrived at the scene and
observed Cason, who was standing by the driver's side of the vehicle, walk over
towards Escalante.  As he walked, Cason
staggered and held onto the vehicle. 
Officer Phillip Bintliff approached Cason at the scene to investigate
the vehicular accident, "since he was the only person by the
car."  When officer Bintliff asked
Cason  for his driver's license,  Cason "fumbled" with his wallet,
dropped his license without realizing it, and Bintliff picked it up for
him.  Officer Bintliff noticed Cason had
bloodshot eyes, staggered, and had to think before responding to his
questions.  When officer Bintliff asked
Cason if it was his car, he said, "yes."  When asked if he was driving Cason answered,
"yes."  When officer Bintliff
asked Cason if he was drunk, Cason responded he was "wasted" and said
"I know I shouldn't have driven drunk."  Cason also told officer Bintliff he swerved
to avoid hitting a dog that ran out in front of his vehicle and ran into the
yard and hit the house.  Based upon these
observations, officer Bintliff became suspicious of Cason's sobriety.  After administering two field sobriety tests,[3]
officer Bintliff determined Cason was intoxicated due to alcohol consumption
and arrested him.  At the jail, Cason
told officer Bintliff that the brakes failed on his vehicle. 

II.  LEGAL
SUFFICIENCY 

By his first issue, Cason asserts that the evidence
is legally insufficient because his extrajudicial confession is not
corroborated by other evidence tending to show the truth of his statement.  The State responds that the circumstances of
the accident itself, including Cason's sole presence at the scene in an
intoxicated state immediately after the accident, provided sufficient
corroboration to satisfy the requirements of the corpus delecti
rule.  

 








A.  Standard
of Review

A legal‑sufficiency challenge calls on us to
review the relevant evidence in the light most favorable to the verdict.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004); Swearingen
v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (en banc); Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc).  We consider all the evidence that sustains
the conviction, whether properly or improperly admitted.  Conner v. State, 67 S.W.3d 192, 197
(Tex. Crim. App. 2001) (citing Garcia v. State, 919 S.W.2d 370, 378
(Tex. Crim. App. 1994) (en banc)); Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc); King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc).  In
this review, we do not reevaluate the weight and credibility of the evidence,
but rather, act only to ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993) (en banc).  

B. 
Hypothetically Correct Jury ChargeBDWI








The legal sufficiency of the evidence is measured
against the elements of the offense as defined by a hypothetically correct jury
charge for the case.[4]  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Swartz v. State, 61 S.W.3d 781, 786 (Tex. App.BCorpus Christi 2001, pet. ref'd).  We then determine if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson, 443 U.S. at 319; Johnson,
23 S.W.3d at 7.       

In this case, a hypothetically correct jury charge
against which we measure legal sufficiency would ask the jury if Cason (1) on
or about October 15, 2001, (2) operated 
(3) a motor vehicle, (4) in a public place, (5) while intoxicated.  Tex.
Pen. Code Ann. ' 49.04(a) (Vernon 2003).  "Intoxicated" is defined as (1) not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, or any combination of
those substances into the body; or (2) having an alcohol concentration of 0.08
or more.  Tex. Pen. Code Ann. ' 49.01(2) (Vernon 2003).  Each of these elements must be proved to
sustain a conviction.  See Tex. Pen. Code Ann. ' 2.01 (Vernon 2003). 

C. The Extrajudicial Statements








At the outset, we are confronted with the
evidentiary effect of Cason's extrajudicial statements made first to off-duty
officer Escalante  and, second, to
officer Bintliff at the scene, that he was driving the Ford Explorer.  The corpus delicti of driving while
intoxicated is that someone drove or operated a motor vehicle in a public place
while intoxicated.  Threet v. State,
250 S.W.2d 200, 200 (Tex. Crim. App. 1952). While proof of the corpus
delicti of an offense may not be made by an extrajudicial confession alone,
proof of the corpus delicti need not be made independent of the
extrajudicial confession.  Self v.
State, 513 S.W.2d 832, 835 (Tex. Crim. App. 1974).  As long as there is some evidence
corroborating the confession, the confession may be used to aid in the
establishment of the corpus delicti.[5]  Id. 
Under the corpus delicti rule, our task as an appellate court is
to consider all the record evidence, other than Cason's extrajudicial confessions
to officers Escalante and Bintliff, in the light most favorable to the jury's
verdict and to determine whether that evidence tended to establish that Cason
operated a motor vehicle in a public place while intoxicated.  See Fisher v. State, 851 S.W.2d 298,
303 (Tex. Crim. App. 1993) (en banc).

D.  Discussion








Viewed in the light most favorable to the verdict,
the testimony of officers Escalante and Bintliff was sufficient for a rational
trier of fact to have found beyond a reasonable doubt the essential elements of
driving while intoxicated.  Cason was the
sole person near a vehicle that left a public roadway, traversed a yard, and
collided with a house for no apparent intervening reason.  Cason was the sole person near the vehicle
immediately after impact.  Cason failed
field sobriety tests administered after officer Bintliff, while investigating a
vehicular accident, observed physical manifestations of intoxication.  Viewed in the same light, the evidence tends
to establish that Cason operated a motor vehicle in a public place while
intoxicated.  Thus, the evidence is also
sufficient to satisfy the corpus delecti rule.  See Fisher, 851 S.W.2d at 304.  Accordingly, we conclude the evidence is
legally sufficient.  We overrule the
first issue.                                    

III. 
RESTITUTION

By his second issue, Cason asserts that it is
unlawful to make him pay for the depreciation which was used to reduce the
insurance company's payment to Escalante.[6]  He further asserts that amount has no factual
basis.  The State responds, in part, that
Cason waived error.

A.  The Record

Two exhibits admitted in evidence concerning
restitution are not in the record.  After
discussion concerning payments that Cason and the insurance company made to
officer Escalante for the residential damage, the trial court ordered $1,823.14
in restitution to officer Escalante, apparently in the amount he requested in
State's exhibit 1.  The trial court
arrived at the figure by "allowing the $847.10 on the depreciation plus
the difference between the $1,000 he's claiming on the furniture minus what the
insurance company allowed for that."  









The defense made two statements regarding the
restitution.  First, apparently reviewing
Escalante's request for reimbursement, State's exhibit 1, the defense stated,
"Well, we don't think that's legitimate" because Cason paid $8,000 to
reimburse Escalante's insurance company for the "legitimate expenses
caused by the wreck."  Apparently,
the statement meant Cason should not pay for "improvement to [Escalante's]
property" occasioned by Escalante's own work to repair it.  The statement was made before the trial court
ordered restitution and was directed to improvement to the property, apparently
over the amount the insurance company paid. 
Second, the defense stated, "I don't understand," after the
trial court ordered and confirmed that the restitution amount included
depreciation.  

B.  Discussion

All the party must do to avoid the forfeiture of a
complaint on appeal is to let the trial court know what he wants, why he thinks
himself entitled to it, and to do so clearly enough for the trial court to
understand him at a time when the trial court is in a proper position to do
something about it.  See Keeter v.
State, 2005 Tex. Crim. App. LEXIS 521, at *10 n.11 (Tex. Crim. App. April
6, 2005) (citing Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App.
1992) (en banc)).  Further, making the trial court
aware of the complaint requires that both the grounds and what is being
objected to be apparent.  See
Hernandez v. State, 599 S.W.2d 614, 617 (Tex. Crim. App. [Panel Op.] 1980)
(en banc) (op. on reh'g). 








In this case, our review is limited by and based on
the absence of the two exhibits from the record.  Cason did not specifically object to (1)
restitution for depreciation, and (2) the lack of a factual basis for the
amount.   Because he did not present his
complaint to the trial court before raising it as an issue on appeal, he
forfeited his complaint.  Id.; see
also Tex. R. App. P.
33.1.  Accordingly, we overrule the
second issue.

IV. 
CONCLUSION

Having overruled
Cason's two issues, we affirm the trial court judgment.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 21st day of July, 2005.

 











[1] See Tex.
R. App. P. 47.2 & 47.4.  





[2] See Tex. Pen. Code Ann. ' 49.04 (Vernon 2003). 





[3] Officer Bintliff administered the
Horizontal Gaze Nystagmus and the walk-and-turn.  During the latter test, Bintliff walked
beside Cason "to make sure he didn't fall over."





[4] This standard of legal sufficiency
ensures that a judgment of acquittal is reserved for those situations in which
there is an actual failure in the State's proof of the crime rather than a mere
error in the jury charge submitted.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).





[5] The rule does not require that the
independent evidence fully prove the corpus delicti, only that it tend
to prove the corpus delicti.  Fisher v. State, 851 S.W.2d 298, 302‑03
(Tex. Crim. App. 1993) (en banc) (citing Self v. State, 513 S.W.2d 832,
835‑37 (Tex. Crim. App. 1974) and Wood v. State, 152 S.W.2d 335,
339 (Tex. Crim. App. 1941)).  The primary
purpose of the corpus delicti rule is to assure that no person is
convicted without some independent evidence showing that the very crime to
which he confessed was actually committed by someone.  See id. at n.3 (citing Gribble
v. State, 808 S.W.2d 65, 71 (Tex. Crim. App. 1990) (en banc) (plurality
opinion)); see also Salazar v. State, 86 S.W.3d 640, 644‑45 (Tex.
Crim. App. 2002).





[6] The defense did not object to
restitution in the amount of $360, representing lost wages for Lydia Adams.